# Supreme Court of Florida

_____

No. SC13-2385
_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF JUVENILE
PROCEDURE.**

[March 20, 2014]

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a

"fast-track" out-of-cycle report proposing amendments to the Florida Rules of

Juvenile Procedure in response to recent statutory changes.  See Fla. R. Jud.

Admin. 2.140(e).  We have jurisdiction.[1]

The Committee proposes amendments to current Florida Rule of Juvenile

Procedure 8.415 and form 8.973, and the deletion of forms 8.971 and 8.972.  The

Committee also proposes new rules 8.401 and 8.435, and several new forms.  The

amended and new rules and forms are in response to the passage of the Nancy C.

---

1.  Art. V, § 2(a), Fla. Const.

Detert Common Sense and Compassion Independent Living Act, chapter 2013-178, Laws of Florida. This act amended provisions of chapters 39 and 409, Florida Statutes. As pertinent here, this legislation enables young adults between eighteen and twenty-one years of age to remain in foster care and sets forth eligibility, case planning, and judicial review requirements for such young adults. The legislation also provides new judicial review requirements for dependent children who are seventeen years of age. The new statutory provisions became effective on January 1, 2014. Ch. 2013-178, § 14, Laws of Fla. The proposed amendments were unanimously approved by the Board of Governors of The Florida Bar.

After considering the proposed amendments and reviewing the relevant legislation, we amend the Florida Rules of Juvenile Procedure and forms as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]

_____

2. All comments must be filed with the Court on or before May 19, 2014, with a certificate of service verifying that a copy has been served on the Committee Chair, Whitney Marie Untiedt, Office of the Public Defender, 35 N. Main Street, Gainesville, Florida 32601-5323, untiedtw@pdo8.org, and on the Bar Staff Liaison to the Committee, Ellen Sloyer, 651 E. Jefferson Street, Tallahassee,

2

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Juvenile Procedure

Whitney M. Untiedt, Chair, Juvenile Court Rules Committee, Gainesville, Florida; John F. Harkness, Jr., Executive Director, and Ellen H. Sloyer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

Florida 32399-2300, esloyer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until June 9, 2014, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

## APPENDIX

## RULE 8.401.    CASE PLAN DEVELOPMENT FOR YOUNG ADULTS

**(a)    Case Planning Conference.**  The case plan must be developed in a face-to-face conference with the young adult, the guardian ad litem, attorney ad litem and, when appropriate,  the legal guardian of the young adult, if the young adult is not of the capacity to participate in the case planning process.

**(b)    Contents.**  The case plan must be written simply and clearly in English and the principal language of the young adult.  Each case plan must contain

(1)    A description of the services, including independent living services, to be provided to the young adult;

(2)    A copy of the young adult's transition plan;

(3)    The permanency goal of transition from licensed care to independent living; and

(4)    The date the compliance period expires.

**(c)    Department Responsibility.**

(1)    After the case plan has been developed, the department must prepare the written case plan for each young adult receiving services under Chapter 39, Florida Statutes.

(2)    After the case plan has been developed, and before acceptance by the court, the department must make the appropriate referrals for services that will allow the young adult to begin receiving the agreed-upon services immediately.

(3)    The department  must immediately provide the young adult a signed copy of the agreed-upon case plan.

(4)    Not less than 3 business days before a judicial review or permanency hearing, the department must file the case plan with the court.

**(d)    Signature.**  The case plan must be signed by the young adult, all parties and, when appropriate, the legal guardian if the young adult is not of the capacity to participate in the case planning process.

**(e)    Service.**  Each party must be served with a copy of the case plan not less than 3 business days before the judicial review hearing.  If the location of the young adult is unknown, this fact must be documented in writing and filed with the court.

**(f)    Re-admitted to Care.**  If the department petitions the court for reinstatement of jurisdiction after a young adult has been re-admitted to care under Chapter 39, Florida Statutes, the department must file an updated case plan.

## RULE 8.415.    JUDICIAL REVIEW OF DEPENDENCY CASES

**(a)    Required Review.** All dependent children ~~shall~~must have their status reviewed as provided by law.  Any party may petition the court for a judicial review as provided by law.

**(b)    Scheduling Hearings.**

**(1)    Initial Review Hearing.** The court ~~shall~~must determine when the first review hearing ~~shall~~must be held and the clerk of the court ~~shall~~must immediately schedule the review hearing. In no case ~~shall~~may the hearing be scheduled for later than 6 months from the date of removal from the home or 90 days from the disposition or case plan approval hearing, whichever comes first. In every case, the court must conduct a judicial review at least every 6 months.

**(2)    Subsequent Review Hearings.** At each judicial review hearing, the court ~~shall~~must schedule the next judicial review hearing which ~~shall~~must be conducted within 6 months.  The clerk of the court, at the judicial review hearing, ~~shall~~must provide the parties, the social service agency charged with the supervision of care, custody, or guardianship of the child, the foster parent or legal custodian in whose home the child resides, any preadoptive parent, and such other persons as the court may direct with written notice of the date, time, and location of the next judicial review hearing.

**(3)    Review Hearings for Children 17 Years of Age.** The court must hold a judicial review hearing within 90 days after a child's 17th birthday. The court must also issue an order, separate from the order on judicial review, that

the disability of nonage of the child has been removed and must continue to hold timely judicial review hearings.  If necessary, the court may review the status of the child more frequently during the year before the child's 18th birthday.  At the last review hearing before the child reaches 18 years of age, the court must also address whether the child plans to remain in foster care, and, if so, ensure that the child's transition plan complies with the law.

**(4)** **Review Hearings for Young Adults in Foster Care.**  The court must review the status of a young adult at least every six months and must hold a permanency review hearing at least annually while the young adult remains in foster care.  The young adult or any other party to the dependency case may request an additional hearing or judicial review.

**(c)** **Report.** In all cases, the department or its agent ~~shall~~must prepare a report to the court.  The report ~~shall~~must contain facts showing the court to have jurisdiction of the cause as a dependency case.  It ~~shall~~must contain information as to the identity and residence of the parent, if known, and the legal custodian, the dates of the original dependency adjudication and any subsequent judicial review proceedings, the results of any safe-harbor placement assessment including the status of the child's placement, and a request for one or more of the following forms of relief:

(1)     that the child's placement be changed;

(2)     that the case plan be continued to permit the parents or social service agency to complete the tasks assigned to them in the agreement; or

(3)     that proceedings be instituted to terminate parental rights and legally free the child for adoption.

**(d)** **Service.** A copy of the report containing recommendations and, if not previously provided by the court, a notice of review hearing ~~shall~~must be served on all persons who are required by law to be served at least 72 hours before the judicial review hearing.

**(e)** **Information Available to Court.** At the judicial review hearing the court may receive any relevant and material evidence pertinent to the cause.  This ~~shall~~must include written reports required by law and may include, but ~~shall~~must not be limited to, any psychiatric or psychological evaluations of the child or

6

parent, caregiver, or legal custodian that may be obtained and that are material and relevant. This evidence may be received by the court and relied on to the extent of its probative value, even though it may not be competent in an adjudicatory hearing.

**(f)     Court Action.**

(1)     The court ~~shall~~must hold a hearing to review the compliance of the parties with the case plan and to determine what assigned tasks were and were not accomplished and the reasons for any ~~nonachievement~~noncompliance.

(2)     If the court finds that the parents have substantially complied with the case plan, the court ~~shall~~must return the child to the custody of the parents if the court is satisfied that reunification will not be detrimental to the child's safety, well-being, or physical, mental, or emotional health.

(3)     If the court finds that the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, ~~shall~~must order the social service agency to submit its plan for compliance with the case plan, and ~~shall~~must require the social service agency to show why the child could not be safely returned to the home of the parents. If the court finds that the child could not be safely returned to the parents, it ~~shall~~must extend the case plan for a period of not more than 6 months to allow the social service agency to comply with its obligations under the case plan.

(4)     At any judicial review held under section 39.701~~(6)~~(3), Florida Statutes, if, in the opinion of the court, the department has not ~~complied with~~met its obligations to the child as ~~specified~~stated in the written case plan or in the provision of independent living services ~~as required by sections 39.701(6) and 409.1451, Florida Statutes~~, the court ~~shall~~may ~~a show cause order~~ issue an order directing the department to show cause as to why it has not done so.  If ~~cause is shown for failure to comply~~ the department cannot justify its noncompliance, the court ~~shall~~may give the department 30 days within which to comply and, on failure to comply ~~with this or any subsequent order~~, the court may hold the department in contempt.

(5)     The court must enter a written order on the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, a determination of the future course of the proceedings, and the date, time, and place of the next hearing.

**(g)    Jurisdiction.**

(5)(1) When a child is returned to the parents, the court ~~shall~~must not terminate its jurisdiction over the child until 6 months after the return.  Based on a report of the department and any other relevant factors, the court ~~shall~~must then determine whether jurisdiction should be continued or terminated. If its jurisdiction is to be terminated, it ~~shall~~must enter an order to that effect.

(6)(2) When a child has not been returned to the parent, but has been permanently committed to the department for subsequent adoption, the court ~~shall~~ must continue to hold judicial review hearings on the status of the child at least every 6 months until the adoption is finalized. These hearings ~~shall~~must be held in accordance with these rules.

(7)(3) If a ~~youth in the legal custody of the department immediately before his or her 18th birthday~~young adult petitions the court at any time before his or her 19th birthday requesting the court's continued jurisdiction, the court may retain or reinstate jurisdiction for a period of time not to continue beyond the date of the ~~youth~~young adult's 19th birthday. ~~This continued jurisdiction is~~ for the purpose of determining whether appropriate ~~aftercare support, Road-to-Independence Scholarship, transitional support, mental health, and developmental disability~~ services that were required to be provided to the young adult before reaching 18 years of age have been provided ~~to the youth~~.

(4)  If a young adult has chosen to remain in extended foster care after he or she has reached 18 years of age, the department may not close a case and the court may not terminate jurisdiction until the court finds, following a hearing, that the appropriate statutory criteria have been met.

(8)(5) If a petition for special immigrant juvenile status and an application for adjustment of status have been filed on behalf of a foster child and the petition and application have not been granted by the time the child reaches 18 years of age, the court may retain jurisdiction solely for the purpose of allowing the continued consideration of the petition and application by federal authorities. Review hearings ~~shall~~must be set solely for the purpose of determining the status of the petition and application. The court's jurisdiction ~~shall~~must terminate on the final decision of the federal authorities, or on the immigrant child's 22nd birthday, whichever occurs first.

8

~~(9) The court shall enter a written order on the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, a determination of the future course of the proceedings, and the date, time, and place of the next hearing~~

**(gh)** **Administrative Review.** The department, under a formal agreement with the court in particular cases, may conduct administrative reviews instead of judicial reviews for children in out-of-home placement. Notice must be provided to all parties. An administrative review may not be substituted for the first judicial review or any subsequent 6-month review. Any party may petition the court for a judicial review as provided by law.

**(hi)** **Concurrent Planning.**

(1) At the initial judicial review hearing, the court ~~shall~~must make findings regarding the likelihood of the child's reunification with the parent or legal custodian within 12 months after the removal of the child from the home.

(2) If the court makes a written finding that it is not likely that the child will be reunified with the parent or legal custodian within 12 months after the child was removed from the home, the department must file a motion to amend the case plan and declare that it will use concurrent planning for the case plan.

(3) The department must file the motion to amend the case plan no later than 10 business days after receiving the written finding of the court and attach the proposed amended case plan to the motion.

(4) If concurrent planning is already being used, the case plan must document the efforts the department is making to complete the concurrent goal.

**RULE 8.435.** **REINSTATEMENT OF JURISDICTION FOR YOUNG ADULT**

**(a)** **Petition for Reinstatement of Jurisdiction.**

(1) If a young adult who is between the ages of 18 and 21 is re-admitted to foster care, the department shall petition the court to reinstate jurisdiction over the young adult.

(2)     The petition for reinstatement of jurisdiction must be in writing and specify that the young adult meets the eligibility requirements for readmission to foster care as provided by law.  The petition is not required to be sworn and notarized.

(3)     The department shall serve the young adult and any party a copy of the petition for reinstatement of jurisdiction.

**(b)     Hearing on Petition for Reinstatement of Jurisdiction.**

(1)     Upon filing of the petition for reinstatement of jurisdiction, the court shall schedule and conduct a hearing on the petition for reinstatement of jurisdiction.

(2)     The department shall serve the young adult and any party a notice of the hearing on the petition for reinstatement of jurisdiction.

**(c)     Order on Petition for Reinstatement of Jurisdiction.**

(1)     If the department establishes that the young adult meets the eligibility requirements for readmission to foster care as provided by law, the court shall enter an order reinstating jurisdiction over the young adult.

(2)     In the order reinstating jurisdiction, the court shall schedule a judicial review hearing to take place within 6 months.

**FORM 8.971.      MOTION TO TERMINATE JURISDICTION**

MOTION TO TERMINATE JURISDICTION

The Department of Children and Family Services, by and through its undersigned counsel, moves this court for an order terminating the court's jurisdiction and closing the file in the above-styled cause, and as grounds states:

1. The child(ren) was/were previously adjudicated dependent and placed into foster care by order of this court.

2. The child(ren) has/have reached the age of majority and under chapter 39, Florida Statutes, is no longer a child and no longer subject to the jurisdiction of the juvenile court. July 1, 2013 Florida Rules of Juvenile Procedure 303

WHEREFORE, the department requests that this court terminate jurisdiction in the above cause and that the case file be closed.

_____
.....(attorney's name).....
.....(address and telephone number).....
.....(Florida Bar number).....

Certificate of Service

**FORM 8.972.** ~~ORDER TERMINATING JURISDICTION~~

~~ORDER TERMINATING JURISDICTION~~

~~THIS CAUSE having come before the court on motion to terminate jurisdiction filed by the Department of Children and Family Services and the court being advised in the premises finds the following:~~

~~1. The child(ren) was/were previously adjudicated dependent and placed into foster care by order of this court.~~

~~2. The child(ren) has/have reached the age of majority and under chapter 39, Florida Statutes, is/are no longer a child (children) and no longer subject to the jurisdiction of the juvenile court.~~

~~THEREFORE, based on these findings of fact, it is ORDERED AND ADJUDGED that this court's jurisdiction is terminated.~~

_____
~~Circuit Judge~~

~~Copies furnished to:~~

**FORM 8.973A.          ORDER ON JUDICIAL REVIEW FOR CHILD AGE 17 OR OLDER**

ORDER ON JUDICIAL REVIEW FOR CHILD OVER AGE 17 AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on …..(date)….. for Judicial Review on the report filed by the Department of Children and ~~Family Services~~Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

…..     …..(Name)….., Child
…..     …..(Name)….., Attorney/Attorney ad Litem for the Child
…..     …..(Name)….., Petitioner
…..     …..(Name)….., Attorney for the petitioner
…..     …..(Name)….., Attorney for the department
…..     …..(Name)….., Department caseworker
…..     …..(Name)….., Mother
…..     …..(Name)….., Attorney for mother
…..     …..(Name)….., Father of …..(child)…..
…..     …..(Name)….., Attorney for father
…..     …..(Name)….., Guardian ad litem
…..     …..(Name)….., Attorney for guardian ad litem
…..     …..(Name)….., Legal custodian
…..     …..(Name)….., Attorney for legal custodian
…..     …..(Name)….., Other:………………..

and the court having considered:

…..     Judicial Review Social Study Report filed by the Department;
…..     Because~~If~~ the child ~~has~~ reached the age of 17 within the past 90 days, written verification that the child:
        …..     Has been provided with a current Medicaid card and has been provided all necessary information concerning the Medicaid program;
        …..     Has been provided with a certified copy of his or her birth certificate~~; and h~~Has a valid Florida driver's license or has been provided with a Florida identification card;
        …..     Has a social security card and has been provided information relating to Social Security Insurance benefits, if the child is believed to be eligible;
        …..     Has received a full accounting if there is a Master Trust for the child and has been informed as to how to access those funds;
        …..     ~~Has been provided with information and training related to budgeting, interviewing, and parenting skills;~~
        …..     Has been provided with information related to the Road-to-Independence ~~Scholarship~~Program, including eligibility requirements, information on

13

participation, and assistance in gaining admission to the program, ~~including applications forms~~; If the child is eligible for the Road-to-Independence Program, hHas been informed that ~~if he or she is eligible for the Road-to-Independence Scholarship program, he or she~~ may reside with the licensed foster family or group care provider with whom the child was residing at the time of attaining his or her 18th birthday or may reside in another licensed foster home or with a group care provider arranged by the department;

….. Has an open bank account or the identification necessary to open a bank account and the information necessary to acquire essential ~~has been provided with~~ banking and budgeting skills;

….. Has been provided with information on public assistance and how to apply;

….. Has been provided a clear understanding of where he or she will be living on his or her 18th birthday, how living expenses will be paid, and what educational program the child will be enrolled in.

….. Has been provided with information as to the child's ability to remain in care until he reaches 21 years of age;

….. ~~Has been provided with notice of his or her right to petition for the court's continuing jurisdiction for one year after his or her 18th birthday, and with information on how to obtain access to the court; and~~

….. Has been provided with a letter stating the dates that the child is under the jurisdiction of the court;

….. Has been provided with a letter stating that the child is in compliance with financial aid documentation requirements;

….. Has been provided his or her educational records;

….. Has been provided his or her entire health and mental health records;

….. Has been provided with information concerning the process for accessing his or her case file; and

….. Has been provided with a statement encouraging the child ~~encouraged~~ to attend all judicial review hearings occurring after his or her 17th birthday.

….. Statement/homestudy filed by the Department;

….. Report of the Guardian Ad Litem;

….. A case plan, dated ………, filed by the Department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;

….. Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;

….. Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;

….. Other ……………….

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

….. …..(Name)……, Child
….. …..(Name)……, Attorney/Attorney ad Litem for the Child
….. …..(Name)……, Petitioner
….. …..(Name)……, Attorney for the petitioner
….. …..(Name)……, Attorney for the department
….. …..(Name)……, Department caseworker
….. …..(Name)……, Mother
….. …..(Name)……, Attorney for mother
….. …..(Name)……, Father of ……(child)……
….. …..(Name)……, Attorney for father
….. …..(Name)……, Guardian ad litem
….. …..(Name)……, Attorney for guardian ad litem
….. …..(Name)……, Legal custodian
….. …..(Name)……, Attorney for legal custodian
….. …..(Name)……, Other:………………….

3.      The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4.      The mother, …..(name)……:

….. did not appear and …… was …… was not represented by legal counsel;

….. appeared …… with …… without legal counsel and …… was …… was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ….. waived….. did not waive her right to legal counsel; and

….. was ….. was not determined to qualify as indigent and

….. was …... was not appointed an attorney.

5.      The father, ….. (name)…...:

….. did not appear and …… was …… was not represented by legal counsel;

….. appeared …… with …… without legal counsel and …… was …… was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ….. waived ….. did not waive his right to legal counsel; and

15

….. was ….. was not determined to qualify as indigent and

….. was ….. was not appointed an attorney.
COMMENT: Repeat above for each father.

6. The department filed a judicial review report with the court on …..(date) …... This judicial review report ….. is ….. is not in compliance with the statutory requirements.

7. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: …..(names of those notified) …...

8. The mother has complied with the following tasks in the case plan: ….. (list tasks complied with) …...

9. The mother has not complied with the following tasks in the case plan: ….. (list tasks not complied with) …...

10. The father, ….. (father's name) ….., has complied with the following tasks in the case plan: ….. (list tasks complied with) …...

11. The father, ….. (father's name) ….., has not complied with the following tasks in the case plan: ….. (list tasks not complied with)…...

12. The mother …..has ….. has not complied with court ordered visitation as follows: ….. (explanation of visitation compliance)…...

13. The father, …..(father's name) ….., ….. has ….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)…...

14. The department ….. has ….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)…...

15. The mother ….. has ….. has not complied with court ordered financial support for the child as follows: …..(explanation of financial compliance)…...

16. The father, ….. (father's name) ….., ….. has ….. has not complied with court ordered financial support for the child as follows: ….. (explanation of financial compliance)…...

17. The mother ….. has ….. has not complied with court ordered meetings with the department as follows: ….. (explanation of meetings compliance)…...

18. The father, …..(father's name)….. , ….. has ….. has not complied with court ordered meetings with the department as follows: …..(explanation of meetings compliance)…...

19.     The department ….. has ….. has not complied with court ordered meetings with the parents as follows: …..(explanation of meetings compliance)…...

COMMENT: Use 20, 21, 22 & 23 if child(ren) is/are not placed in the home of a parent.
…..     20.     It is in the best interest of the minor child(ren) to be placed in the care and custody of …..(placement ordered)…..

…..     21.     Placement of the minor child(ren) in the care and custody of ….. (placement ordered) …..  is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

…..     22.     Return of the minor child(ren) to the custody of …..(person(s) from whom child(ren) was/were originally removed)….. would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ….. remain ….. return home with services and removal of the child(ren) is necessary to protect the child(ren).

…..     23.     Prevention or reunification services ….. were not ….. were indicated and are as follows: …..(services indicated)…... Further efforts could not have shortened separation of this family because …………………..

COMMENT: Use 24 if child(ren) remain(s) or is/are returned to the parent(s).

…..     24.     The child(ren) can safely ….. remain with ….. be returned to …..(parent('s)(s') name(s))….. as long as he/she/they comply(ies) with the following: ………………….. The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ….. remain ….. return home.

…..     25.     The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

…..     26.      The department ….. has ….. has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1.     The minor child(ren), ….. name(s)) ….., be placed in the custody of …..(name)….., under supervision of the department.

2.     The judicial review report filed by the department is:

…..     not accepted and a continuance was requested.

…..     accepted by the court.

3. Other:…………………….

4. All prior orders not inconsistent with the present order shall remain in full force and effect.

5. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6. This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall first occur.

7. This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate <u>services that were required to be provided to the young adult before reaching 18 years of age</u> ~~aftercare support, Road-to-Independence Scholarship, transitional support, mental health, and developmental disability services~~ have been provided to the youth.

8. <u>This court shall retain jurisdiction until the child's 21st birthday, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday.</u>

~~8~~<u>9</u>. This matter is scheduled for Judicial Review on ….. (date) ….. at …..(time) …...

DONE AND ORDERED in……………….., Florida, on …..(date)…...

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on …..(date)….. at ….. a.m./p.m., before …..(judge)….., at …..(location)….., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ……(name, address, and telephone number)…… at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

18

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to………………….

## FORM 8.973B.    ORDER ON JUDICIAL REVIEW

### ORDER ON LAST JUDICIAL REVIEW BEFORE CHILD REACHES AGE 18 AND
### NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on ….. (date) ….. for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

…..    …..(Name)….., Child
…..    …..(Name)….., Attorney/Attorney ad Litem for the Child
…..    …..(Name)….., Petitioner
…..    …..(Name)….., Attorney for the petitioner
…..    …..(Name)….., Attorney for the department
…..    …..(Name)….., Department caseworker
…..    …..(Name)….., Mother
…..    …..(Name)….., Attorney for mother
…..    …..(Name)….., Father of     (child)
…..    …..(Name)….., Attorney for father
…..    …..(Name)….., Guardian ad litem
…..    …..(Name)….., Attorney for guardian ad litem
…..    …..(Name)….., Legal custodian
…..    …..(Name)….., Attorney for legal custodian
…..    …..(Name)…..,,Other:………………..

and the court having considered:

…..    Judicial Review Social Study Report filed by the Department;
…..    Statement/homestudy filed by the Department;
…..    Report of the Guardian Ad Litem;
…..    A case plan, dated ……….. , filed by the Department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;
…..    Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;
…..    Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;
…..    Other: ………………..

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. That the minor child(ren) who …..is/are….. the subject matter of these proceedings …..was/were….. adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and …..is/are……. resident(s) of the state of Florida.

2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

…..     …..(Name)……, Child
…..     …..(Name)……, Attorney/Attorney ad Litem for the Child
…..     …..(Name)……, Petitioner
…..     …..(Name)……, Attorney for the petitioner
…..     …..(Name)……, Attorney for the department
…..     …..(Name)…..., Department caseworker
…..     …..(Name)…..., Mother
…..     …..(Name)……, Attorney for mother
…..     …..(Name)……, Father of ……(child)……
…..     …..(Name)……, Attorney for father
…..     …..(Name)…..., Guardian ad litem
…..     …..(Name)……, Attorney for guardian ad litem
…..     …..(Name)……, Legal custodian
…..     …..(Name)…..., Attorney for legal custodian
…..     …..(Name)……, Other:

3. The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4. The mother, …..(name)……:

….. did not appear and …… was …… was not represented by legal counsel;

….. appeared …… with …… without legal counsel and …… was …… was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ….. waived….. did not waive her right to legal counsel; and

….. was ….. was not determined to qualify as indigent and

….. was …... was not appointed an attorney.

5. The father, ….. (name)…...:

….. did not appear and …… was …… was not represented by legal counsel;

….. appeared …… with …… without legal counsel and ….. was ….. was not advised of his right to legal counsel;

21

knowingly, intelligently, and voluntarily ….. waived ….. did not waive his right to legal counsel; and

….. was ….. was not determined to qualify as indigent; and

….. was ….. was not appointed an attorney.

COMMENT: Repeat above for each father.

6.      The department filed a judicial review report with the court on …..(date) …... This judicial review report ….. is ….. is not in compliance with the statutory requirements.

7.      The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: …..(names of those notified)…...

8.      The mother has complied with the following tasks in the case plan: …..(list tasks complied with)…...

9.      The mother has not complied with the following tasks in the case plan: …..(list tasks not complied with)…...

10.      The father, …..(father's name)….., has complied with the following tasks in the case plan: …..(list tasks complied with) …...

11.      The father, …..(father's name)….., has not complied with the following tasks in the case plan: …..(list tasks not complied with)…...

12.      The mother …..has….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)…...

13.      The father, …..(father's name)….., ….. has ….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)…...

14.      The department …..has ….. has not complied with court ordered visitation as follows: …..(explanation of visitation compliance)….. .

15.      The mother …..has ….. has not complied with court ordered financial support for the child as follows: …..(explanation of financial compliance)…...

16.      The father, …..(father's name)….., ….. has ….. has not complied with court ordered financial support for the child as follows: ……(explanation of financial compliance)…...

17.      The mother ….. has ….. has not complied with court ordered meetings with the department as follows: …..(explanation of meetings compliance)…...

18. The father, …..(father's name)….., ….. has ….. has not complied with court ordered meetings with the department as follows: …..(explanation of meetings compliance)…...

19. The department ….. has ….. has not complied with court ordered meetings with the parents as follows: …..(explanation of meetings compliance)…...

COMMENT: Use 20, 21, 22 & 23 if child(ren) is/are not placed in the home of a parent.

20. It is in the best interest of the minor child(ren) to be placed in the care and custody of …..(placement ordered)…...

21. Placement of the minor child(ren) in the care and custody of …..(placement ordered)…… is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

22. Return of the minor child(ren) to the custody of ……(person(s) from whom child(ren) was/were originally removed)…… would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely …… remain …… return home with services and removal of the child(ren) is necessary to protect the child(ren).

23. Prevention or reunification services …… were not ….. were indicated and are as follows: ……(services indicated)……. Further efforts could not have shortened separation of this family because ………………….

COMMENT: Use 24 if child(ren) remain(s) or is/are returned to the parent(s).

24. The child(ren) can safely ….. remain with ….. be returned to ….. (parent('s)(s') name(s))….. as long as he/she/they comply(ies) with the following: ………………... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to …… remain …… return home.

25. The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

26. The department ….. has …… has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

…… 27. The child does plan on remaining in foster care.

a. the child will meet the requirements by ………………………….

b. the supervised living arrangement will be …………………..

c. the child has been informed of

.....      (1)      the right to continued support and services;

.....      (2)      the right to request termination of this court's jurisdiction and to be discharged from foster care;

.....      (3)      the opportunity to reenter foster care pursuant to Florida law.

.....      28. The child does not plan on remaining in foster care. The child has been informed of:

......      a.      services of benefits for which the child may be eligible based upon the child's placement and length of time spent in licensed foster care;

......      b.      services or benefits that may be lost through a termination of the court's jurisdiction; and

......      c.      other federal, state, local, or community-based services or supports available to the child.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1.      The minor child(ren), ……(name(s))…… , be placed in the custody of ……(name)……, under supervision of the department.

2.      The judicial review report filed by the department is:

.....      not accepted and a continuance was requested.

.....      accepted by the court.

3.      Other: ……………...

4.      All prior orders not inconsistent with the present order shall remain in full force and effect.

5.      This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6.      This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall first occur.

7.      This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.

8.	This court shall retain jurisdiction until the child's 21st birthday, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday.

9.	This matter is scheduled for Judicial Review on ……(date)…… at …..(time)…...

DONE AND ORDERED in ………………..., Florida, on ……(date)…….

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on …..(date)….. at ….. a.m./p.m., before …..(judge)….., at …..(location)….., or as soon thereafter as counsel can be heard.**

COMMENT:  The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ……(name, address, and telephone number)…… at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to………………….

**FORM 8.973C.    ORDER ON JUDICIAL REVIEW FOR YOUNG ADULTS IN EXTENDED FOSTER CARE**

ORDER ON JUDICIAL REVIEW FOR YOUNG ADULTS IN EXTENDED FOSTER CARE AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on ….. (date) ….. for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

…..    …..(Name)….., Young Adult
…..    …..(Name)….., Attorney for the Young Adult
…..    …..(Name)….., Petitioner
…..    …..(Name)….., Attorney for the petitioner
…..    …..(Name)….., Attorney for the department
…..    …..(Name)….., Department caseworker
…..    …..(Name)….., Guardian ad litem
…..    …..(Name)….., Attorney for guardian ad litem
…..    …..(Name)….., Other:………………..

and the court having considered:

…..    Judicial Review Social Study Report filed by the Department;
…..    Case Plan filed by the Department;
…..    Report of the Guardian Ad Litem;
……    Other: …………………..

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.    The young adult ….. is ….. is not making progress in meeting the case plan goals, as follows: ………………….

2.    The case plan and/or the young adult's transition plan shall be amended as follows: ………………….

3.    The Department and all services providers …… have ….. have not provided the appropriate services listed in the case plan. ….. The Department must take the following action to ensure the young adult receives identified services that have not been provided: …………..

…..    4.    Jurisdiction in this case should be terminated based on the following facts:

……    a.    The young adult has requested termination of jurisdiction; or

26

……	b.	The young adult has been informed by the department of his or her right to attend this hearing and has provided written consent to waive this right, and

……	c.	The young adult has been informed of the potential negative effects of early termination of care, the option to reenter care before reaching 21 years of age, the procedure for and the limitations on reentering care, and the availability of alternative services, and has signed a document attesting that he or she has been so informed and understands these provisions; or

……	d.	The young adult has voluntarily left the program, has not signed the document indicated above, and is unwilling to participate in any further court proceeding; or

……	4.	The young adult has been involuntarily discharged from the program by written notification dated ………………….., and the young adult has not appealed the discharge decision.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1.	The judicial review report filed by the department is:

…..	not accepted and a continuance was requested.

……	accepted by the court.

2.	All prior orders not inconsistent with the present order shall remain in full force and effect.

…..	3.	This court shall retain jurisdiction until the young adult's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.  or

……	3.	This court shall retain jurisdiction until the young adult's 21st birthday, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday.    or

…..	3.	Jurisdiction over this cause is hereby terminated.

4.	Other:…………………..

5.	This matter is scheduled for Judicial Review on …..(date)….. at ……(time)…….

DONE AND ORDERED in …………………, Florida, on ……(date)…….

_____

<u>Circuit Judge</u>

## **NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on …..(date)….. at ….. a.m./p.m., before …..(judge)….., at …..(location)….., or as soon thereafter as counsel can be heard.**

<u>COMMENT</u>:  The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ……(name, address, and  telephone number)…… at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

<u>Copies furnished to…………………..</u>